1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10   ONEWEST BANK, FSB,                    CASE NO. 15cv00915-WQH-JLB

11                          Plaintiff,     ORDER

           vs.
12   TAMARA E. DUTRA; DANIEL
13   MALONEY; JIMI DUTRA; and
     DOES 1 to 20, inclusive,
14
                            Defendant.

15   HAYES, Judge:

16          On October 14, 2014, Plaintiff OneWest Bank, FSB commenced this action by

17   filing a Complaint for Unlawful Detainer in San Diego County Superior Court, where

18   it was assigned case number 37-2014-00034883-CL-UD-CTL.  (ECF No. 1 at 7).  The

19   Complaint alleges that Plaintiff is entitled to possession of real property located at

20   11962 Dapple Court, San Diego, California 92128.  The Complaint asserts a claim for

21   unlawful detainer under California law.  On January 20, 2015, Defendants Tamara

22   Dutra, Daniel Maloney, and Jimi Dutra, proceeding *pro se*, filed a notice of removal in

23   Southern District of California Case Number 15cv00110-WQH-JLB.  *See* S.D. Case

24   No. 15cv00110-WQH-JLB, ECF No. 1.  On January 28, 2015, Plaintiff filed a motion

25   to remand.  *Id.* ECF No. 4.  On March 10, 2015, the Court issued an Order, granting the

26   motion to remand because Defendants failed to file an opposition.  *Id.* ECF No. 7.

27          On April 24, 2015, Defendants filed a second notice of removal, and a new case

28   number was assigned.  (ECF No. 1).  The notice of removal pertains to the same

                                          - 1 -                    15cv00915-WQH-JLB

Complaint as the notice of removal filed in Case Number 15cv00110-WQH-JLB.

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "[T]he defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation and citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (citation omitted).

The sole basis for federal jurisdiction stated in the notice of removal is that Defendants have a defense to the Complaint based upon Plaintiff's alleged failure to comply with a federal statute. However, "the existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne*, 294 F.3d at 1183. The Court finds that the notice of removal does not adequately state a basis for federal subject-matter jurisdiction.

Pursuant to 28 U.S.C. section 1447(c), this action is REMANDED for lack of subject-matter jurisdiction to the Superior Court of California for the County of San Diego, where it was originally filed and assigned case number 37-2014-00034883-CL-UD-CTL.

DATED:  May 13, 2015

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge